IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY KAY, | : | FILED AUG -2 2002 |
| Plaintiff, | : | |
| | : | Civil Action No. 02-CV-3157 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Independence Blue Cross ("Defendant" or "IBC"), by and through its attorneys, responds to the Complaint of Plaintiff Harry Kay ("Plaintiff" or "Mr. Kay") in accordance with the numbered paragraphs thereof as follows:

**JURISDICTION**

1. Admitted in part; denied in part. Defendant admits that Plaintiff purports to bring an action and to invoke the Court's jurisdiction under the statutes cited. The remaining allegations of paragraph 1 constitute conclusions of law to which no responsive pleading is required, and therefore they are denied.

2. Admitted in part; denied in part. Defendant admits that Plaintiff seeks the stated relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Defendant denies the remaining allegations of paragraph 2.

3. Admitted in part; denied in part. Defendant admits that Plaintiff seeks the relief stated and attempts to invoke the Court's jurisdiction under Title VII. The remaining

allegations of paragraph 3 constitute conclusions of law to which no responsive pleading is required, and therefore they are denied.

### PARTIES

4. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 3 as if set forth fully herein.

5. Admitted in part; denied in part. Defendant admits that Plaintiff is a white male who has been employed by IBC since June 1992, that its records reflect that Plaintiff is a resident of the Commonwealth of Pennsylvania who lives within the County of Philadelphia, at 813 South Hancock Street, Philadelphia, PA 19147-3440, and that his date of birth is October 5, 1952. The allegations that Plaintiff is "an employee within the meaning of Title VII" who "at all times material herein . . . resided in the jurisdictional district of this Court" constitute conclusions of law to which no responsive pleading is required, and therefore they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a citizen of the United States, and therefore it is denied. Defendant denies the remaining allegations of paragraph 5.

6. Admitted in part; denied in part. Defendant admits that it does business within Philadelphia, that its headquarters is located at 1901 Market Street, Philadelphia, PA 19103, and that it employs more than 15 employees. The allegations that Defendant is "an employer within the meaning of 42 U.S.C. § 2000e(b)" and that it "affects commerce" are conclusions of law to which no responsive pleading is required, and therefore they are denied. Defendant denies the remaining allegations of paragraph 6.

## FACTS

7. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 6 as if set forth fully herein.

8. Admitted in part; denied in part. Defendant admits that Plaintiff became employed at IBC in June 1992 as a Claims Benefits and Systems Analyst in IBC's Internal Systems Coordination Department, and that in August 1997 Plaintiff was transferred to the Product Analysis and Compliance Unit as a Product Analyst. Defendant denies the remaining allegations of paragraph 8.

9. Denied.

10. Denied.

11. Denied.

12. Admitted in part; denied in part. Defendant admits that Plaintiff reported to Human Resources Manager Ron Gilg that he had allegedly received mail and voice mail that Plaintiff alleged he found to be offensive. Defendant denies the remaining allegations of paragraph 12.

13. Admitted in part; denied in part. Defendant admits that Plaintiff reported that he had allegedly been offended by certain behavior in which Dennis Foley allegedly engaged. Defendant denies the remaining allegations of paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted in part; denied in part. Defendant admits that Plaintiff received a review dated March 6, 1999 that contained an overall performance rating that was lower than others he had received at IBC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18, and therefore they are denied.

19. Admitted in part; denied in part. Defendant admits that its records reflect that in July 1999 Plaintiff applied for the position of assistant product manager and that he was not selected for that position. Defendant denies the remaining allegations of paragraph 19.

20. Admitted in part; denied in part. Defendant admits that in August 1999 Donna Tart was secretary to Director John Burna and that Plaintiff reported to Gilg that he was allegedly offended by a comment Tart allegedly made in connection with the replacement of a 5 gallon bottle on a water cooler. Defendant denies the remaining allegations of paragraph 20.

21. Admitted in part; denied in part. Defendant admits that in August 1999 IBC in-house counsel Laura Grossi-Tyson met with Plaintiff and told him that she would investigate his allegations. Defendant denies the remaining allegations of paragraph 21.

22. Denied.

23. Denied.

24. Admitted in part; denied in part. Defendant admits that Plaintiff met with McFadden in January 2000 and reported allegedly having received a voicemail wherein there allegedly was heavy breathing. Defendant denies the remaining allegations of paragraph 24.

25. Denied.

26. Admitted in part; denied in part. Defendant admits that in February 2000 Plaintiff reported to Lila Tyson that he had allegedly received what he allegedly believed to be a harassing telephone call. Defendant denies the remaining allegations of paragraph 26.

27. Denied.

28. Admitted in part; denied in part. Defendant admits that Plaintiff reported alleged harassing behavior to IBC supervisors and human resource personnel. Defendant denies the remaining allegations of paragraph 28.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29, and therefore they are denied.

30. Denied.

31. Denied.

32. Admitted in part; denied in part. Defendant admits that Plaintiff filed a charge with the Pennsylvania Human Relations Commission, Philadelphia Commission on Human Relations, and Equal Employment Opportunity Commission (EEOC) concerning alleged sexual harassment at IBC, and that the EEOC issued a Right to Sue Notice to Plaintiff dated February 21, 2002. The remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required, and therefore they are denied.

## FEDERAL CAUSE OF ACTION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. SECTION 2000e-2 (A) (1)

33. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 32 as if set forth fully herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## PUNITIVE DAMAGES

38. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 37 as if set forth fully herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## STATE CAUSES OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Defendant incorporates its responses to the allegations set forth in paragraphs 1 through 45 as if set forth fully herein.

47. Denied.

48. Denied.

6

## AFFIRMATIVE DEFENSES

FILED AUG -2 2002

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent he has failed to satisfy the administrative and/or jurisdictional prerequisites for the institution of an action under Title VII.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent they were not raised in his administrative charges.

### FOURTH DEFENSE

Plaintiff's claims are barred or diminished to the extent he has failed to mitigate his damages.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

### SIXTH DEFENSE

Plaintiff's claims for relief are barred by the doctrines of waiver and/or estoppel.

### SEVENTH DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred by Pennsylvania's Workers' Compensation Act.

7

**EIGHTH DEFENSE**

Defendant acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against harassment, including sexual harassment, and otherwise exercised reasonable care to prevent and correct promptly any harassment to which Plaintiff claims he was subjected. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant or to avoid harm otherwise.

**NINTH DEFENSE**

Defendant reserves the right to assert any additional separate or affirmative defenses that are made known during discovery.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor together with the costs of this action, including reasonable attorneys' fees.

Respectfully submitted,

Steven R. Wall (Id. No. 39012)
Amanda D. Haverstick (Id. No. 85069)
Pam R. Jenoff (Id. No. 87821)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215-963-4928/5377/5546

Attorneys for Defendant
Independence Blue Cross

Dated:  August 2, 2002

FILED AUG - 2 2002

## CERTIFICATE OF SERVICE

I, Amanda Dealy Haverstick, hereby certify that a true and correct copy of Defendant's Answer and Affirmative Defenses has been served by First-Class mail, postage pre-paid, this 2nd day of August, 2002, upon:

>Jonathan J. James, Esquire
>Arthur B. Jarrett, Esquire
>Stephen Girard Building
>7th Floor
>21 South 12th Street
>Philadelphia, Pennsylvania 19107
>
>Attorneys for Plaintiff

_____
Amanda Dealy Haverstick