**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HARRY KAY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **INDEPENDENCE BLUE CROSS** | : | **NO. 02-3157** |

## CLERK'S TAXATION OF COSTS

_____Plaintiff brought this civil action against defendant, and judgment was entered in favor of defendant, which filed its bill of costs. Plaintiff filed objections to the bill of costs on March 21, 2006. Counsel for the prevailing party responded to the objections on April 3, 2006.

It is well-established that district court costs may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).  The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items of district court costs taxable in the first instance by the Clerk, with a five-day right of appeal to the assigned district court judge. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000). These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

> "(l) Fees of the clerk or marshal;
> "(2) Fees of the court reporter for all or any part of its stenographic transcript
>       necessarily obtained for use in the case;
> "(3) Fees and disbursements for printing and witnesses;
> "(4) Fees for exemplification and copies of papers necessarily obtained for use in
>       the case;
> "(5) Docket fees under (28 U.S.C. §1923); (and,)
> "(6) Compensation of court appointed experts, compensation of interpreters, and

1

salaries, fees, expenses, and costs of special interpretation services
under (28 U.S.C. §1828)

The costs sought by defendant are all, at least arguably, of those types of costs
stated previously as being listed in the taxation statute, 28 U.S.C. §1920.  Federal Rule
of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxation of Costs
established by 28 U.S.C. §1920.  Crawford Fitting Company v. J. T. Gibbons, Inc., 482
U.S. 437 (1987).  Federal Rule of Civil Procedure 54(d)(1) directs that "costs other than
attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "shall be allowed as of
course to the prevailing party unless the court otherwise directs" (emphasis added).
This language creates a heavy presumption that **"the 'prevailing party' _automatically_
is entitled to costs"** as a matter of course, once it has been shown that the costs
sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.
Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).  Accord, In
re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v.
Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995);
Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985);
Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d
57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM
Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy
v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183
F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia
v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).  This heavy presumption is  based on the
federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases,

2

and is not seen as a penalty against the losing party or parties. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975). As a further result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs. Pearlstine v. United States, 649 F.2d 194, 198-9 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975). See, also, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985). In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time

3

the costs were incurred, regardless of whether the items for which costs are sought were actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985);  International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  Since the costs sought by defendant are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter. Moreover, the bill of costs in the instant matter is accompanied by an affidavit from counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether the requested costs are allowable.  Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957). See, also,  Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).

Plaintiff raises as a general objection that the costs sought are allegedly not

4

sufficiently explained and seem excessive. The bill of costs must be neat and legible. There is no requirement for receipts; rather, caselaw holds that the key criterion is that costs must be sufficiently itemized to the extent that opposing counsel can make informed objections and the Clerk or Court can make an informed determination of whether requested costs are allowable.  Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983); Harceg v. Brown, 536 F.Supp. 125 (N.D. Ill. 1982).  Accord, Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997); Seidman v. American Mobile Systems, 965 F.Supp. 612 (E.D. Pa. 1997).  We are of the view that this standard of sufficient itemization is satisfied in the instant case. In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985);  International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D.

5

271 (D. Alaska 1962). We are satisfied that the statutory standard of necessity has been met; moreover, the bill of costs in the instant case is accompanied by an affidavit from counsel for the prevailing party stating under penalty of perjury that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight with respect to the aforesaid burden of proof in favor of the taxation of those types of costs listed in the taxation statute. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997). See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

Turning to the substance of the requests contained in the bill of costs, we first address the request for court reporter fees. With regard to the request for costs of deposition transcripts, we note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts "necessarily obtained for use in the case." A deposition transcript is seen as "necessarily obtained" when it was necessary to counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether it was actually used. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). Modern case law states that

both stenographic and videotaped depositions are considered "transcripts" for purposes of 28 U.S.C. §1920(2).  Morrison v. Reichhold Chems., 97 F.3d 460 (11th Cir. 1996); Commercial Credit Equipment Corp. v. Stamps, 920 F.2d 1361 (7th Cir. 1990); United International Holdings v. Wharf, Ltd., 174 F.R.D. 479 (D. Colo. 1997); Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kansas 1993); Deaton v. Dreis & Krump Mfg. Co. (ND Ohio 1991). We are satisfied that the statutory standard of necessity has been met.  As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that the non-prevailing party in this civil action has not rebutted this heavy presumption. Deposition costs are accordingly taxed in the full requested amount of $3,482.79.

Printing is routinely taxed under 28 U.S.C. §1920(3).  Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (E.D. Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990);  Shannon v. United States Department of Housing and Urban Development, 433 F.Supp. 249 (E.D. Pa. 1977).  In examining the relevant caselaw concerning costs pursuant to 28 U.S.C. §1920, there is a recurring theme that the prevailing party may recover costs that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National

Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962). We are satisfied that the statutory standard of necessity has been met. As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920. We are of the view that counsel for the losing party has not rebutted this heavy presumption, and we tax costs in the amount of $1,072.10.

In Summary, district court costs pursuant to 28 U.S.C. §1920 are taxed as follows:

| | |
|---|---|
| Court reporter costs: | $3,482.79 |
| Printing costs: | 1,072.10 |
| TOTAL | $4,554.89 |

_____
**Date**

**S/ Michael E. Kunz** _____
**MICHAEL E. KUNZ**
**CLERK OF COURT**

8